## Pifkin v. Wayne Iron Works

*Desmond McTighe*, for plaintiff; *Theodore Lane Bean*, for defendant.

DANNEHOWER, J., December 17, 1934.—This case comes before the court on plaintiff's appeal from the prothonotary's retaxation of costs.

After a jury trial of an action in trespass, a verdict was rendered in favor of the plaintiff, who filed his bill of costs for witness fees and mileage, amounting to $97.70. Defendant filed exceptions thereto, because the bill of costs included daily mileage for each witness, who had been in attendance in court for 4 days, and claimed that each witness was entitled only to mileage for a single round trip, or one single day. Under the rules of court, our prothonotary retaxed the costs and sustained the defendant's exceptions allowing single mileage. From this retaxation of costs, the plaintiff has filed this appeal.

The question for decision is, whether witnesses who have been subpœnaed and in actual attendance at court for 4 successive days, are entitled to mileage for every day they return home, or to only 1 day's mileage.

On May 18, 1933, when this case was tried, witness fees in this Commonwealth were governed by the Act of April 27, 1927, P. L. 463, sec. 1, 28 PS §411, which provides as follows:

"The pay of witnesses in this Commonwealth shall be three dollars per diem with mileage."

The Act of February 23, 1889, P. L. 8, fixed the mileage as follows: "Each mile circular in traveling to and from such court, three cents", but was repealed by the Act of March 14, 1929, P. L. 25.

It is the social and public duty of everyone, when subpœnaed to attend court, to assist in the due administration of justice. Recognizing that fact, many years ago, when acts of assembly were passed fixing compensation and mileage for witnesses, travel was much slower than it is today, and when witnesses were required more than 1 day, they remained overnight at the

county seat, or until they were discharged. For their services, they were entitled to daily compensation and in addition thereto, mileage for every mile going to and returning from the county seat. Although the mode of transportation has changed and quickened, no law has been passed permitting double mileage. A long line of cases decide that witnesses who go home and return the next day for the trial cannot be allowed double mileage: Sweet & Co. v. Pennock, 1 Chester 16 (1878); Todd v. Painter, 1 Chester 176 (1881); Cody v. Clelam et al., 1 Pa. C. C. 8 (1885); Lyon v. Marshall, 1 Pa. C. C. 90 (1885); Eakin, Admr., v. Fulmer, 4 Pa. C. C. 319 (1887).

Plaintiff cites the following cases, which he claims support his contention as to daily mileage: Commonwealth v. McQuiston, 13 Dist. R. 519 (1903); Commonwealth v. Swisher, 3 Dist. R. 662 (1880); Harman v. Shank, 3 Dist. R. 813 (1894).

A careful reading of these cases discloses that they recognize the single mileage rule above, but are authority for the proposition that when a case is postponed for several days, or continued over a weekend, witnesses who go home and return may claim double mileage, but no witness fees for the days they did not remain at the county seat.

And now, December 17, 1934, it follows that defendant's exceptions are hereby sustained, and plaintiff's appeal from the prothonotary's retaxation of costs is hereby dismissed.        From Aaron S. Swartz, Jr., Norristown, Pa.